## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| L.P., | Civil Action No. 22-2004 (RK) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **CRUNCHY DATA SOLUTIONS, INC., et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

This matter is brought before the Court upon motion by Plaintiff, L.P. ("Plaintiff"), seeking an Order compelling discovery from Defendant, Cigna Health and Life Insurance Company ("Defendant" or "Cigna"), to provide responses to its discovery requests. Defendant opposes Plaintiff's motion to compel discovery. The Court has fully reviewed all arguments raised in support of and in opposition to Plaintiff's motion. For the reasons that follow, Plaintiff's motion to compel discovery is **DENIED**.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his Complaint in the District Court of New Jersey on April 7, 2022, seeking recompense from Cigna for medical benefits due under Crunchy Data Solutions, Inc.'s Open Access Plus Employee Welfare Benefit Plan (the "Plan") as governed by the Employee Retirement Insurance Security Act of 1974 ("ERISA"). In accordance with Section 502(a) of ERISA, 29 U.S.C. § 1132(a)(1)(B), Plaintiff sought recovery "by way of an injunction requiring defendants to pay usual, customary, and reasonable charges for a surgical procedure that has been deemed to be medically necessary." (Compl. ¶ 1, Docket Entry No. 1). On October 17, 2022, the parties

served each other with Interrogatories and Requests for the Production of Documents. In response, both parties objected to all requests and declined to provide any discovery beyond the administrative record. Pursuant to the Court's request, the parties submitted a Joint Discovery Plan on September 23, 2022. After an attempt to meet and confer on December 19, 2022, the parties informed the Court of the underlying dispute concerning discovery beyond the administrative record, and, on January 9, 2023, the Court granted leave for Plaintiff to file the instant motion to compel.

### A. BACKGROUND

Plaintiff's claims arise from the medical benefits and services owed to him by Crunchy Data, the "Plan Administrator." (Compl. ¶ 12-15, Docket Entry No.1, Ex. 1). Cigna—whom Crunchy Data designated as the benefits and claims administrator of the Plan—has "[t]he discretionary authority to interpret and apply Plan terms and to make factual determinations in connection with its review of claims under the Plan." (*Id*. ¶ 12-15). The Plan provides medical benefits for both in network and out-of-network services; however, out-of-network services are not covered without authorization from Cigna. (*Id*. ¶ 18). For the out-of-network services that Cigna approves, payment is based upon a "Maximum Reimbursable Charge" which the Plan defines as the lesser of:

- [T]he provider's normal charge for a similar service or supply; or
- An Employer-selected percentage of a fee schedule developed by Cigna that is based upon a methodology similar to a methodology utilized by Medicare to determine the allowable fee for the same or similar service within the geographic market.

The percentage used to determine the Maximum Reimbursable Charge is the 110th percentile.

In some cases, a Medicare based schedule will not be used and the Maximum Reimbursable Charge for covered services is determined based on the lesser of:

- The provider's normal charge for a similar service or supply; or
- The 80th percentile of charges made by providers of such service or supply in the geographic area where it is received as compiled in a database selected by Cigna. If sufficient charge data is unavailable in the database for that geographic area to determine the Maximum Reimbursable Charge, then data in the database for similar services may be used.

The Maximum Reimbursable Charge is subject to all other benefit limitations and applicable coding and payment methodologies determined by Cigna.

(*Id*. ¶ 18-20).

Plaintiff sought authorization from Cigna to have Dr. Kauffman of The Plastic Surgery Center, P.A. ("TPSC")—an out-of-network provider not subject to the terms of the Plan—perform phrenic nerve reconstructive surgery (the "Surgery"). (*Id*. ¶ 36-40). Cigna, after initially denying Plaintiff's request for authorization, revoked its original decision and authorized the Surgery on the grounds that it was "medically necessary" but required that payment be based on an "in-network" rate rather than that of the out-of-network rate, i.e. the Maximum Reimbursable Charge. (*Id*. ¶ 36-37). Dr Kaufman and TPSC submitted to Cigna the "usual, customary, and reasonable ("UCR") charges for the Surgery" to which Cigna did not respond. (*Id*. ¶ 38). Plaintiff alleges that Cigna's approval of the Surgery, but refusal to negotiate, was tantamount to a denial of medically necessary treatment covered by the Plan. (*Id*. ¶ 63).

On March 3, 2022, TPSC, on behalf of Plaintiff, filed a Level One Pre-Service Appeal ("Appeal"), requesting that Cigna either authorize payment or provide an alternative surgeon to perform the Surgery. (*Id*. ¶ 45). Cigna did not respond to Plaintiff or TPSC regarding the Appeal. Plaintiff asserts that Cigna's failure to respond is indicative of its non-compliance with the internal appeal process and is thereby tantamount to a denial to provide medical services as covered by the Plan. (*Id*. ¶ 48-50).

## B.  DISCOVERY DISPUTES

On September 23, 2022, the parties submitted to the Court a Joint Discovery Plan wherein Plaintiff stated it would:

> be seeking discovery concerning the procedural irregularities in Defendants' [sic] claims handling process, conflicts of interest between Cigna and Plaintiff's employer [Crunchy Data Solutions, Inc. [("Crunchy Data")], the methodologies employed by Defendant [Cigna] and their representatives in making claims determinations, negotiation and payment protocol concerning out-of-network providers, etc.

(Certification of Charles R. Mathis IV in Support of Plaintiff's Motion to Compel ("Certif") ¶ 6 at 2). Plaintiff further asserted Cigna was not entitled to discovery beyond the administrative record because Cigna "has discretionary authority to interpret terms of the Plan and render benefit determinations" and was thereby reviewed under the "arbitrary and capricious" standard. (Brief of Plaintiff, L.P., In Support of His Motion to Compel Defendant, Cigna To Answer Discovery ("Pl. Brief")).

On October 17, 2022, both Plaintiff and Cigna served one another with Interrogatories and a Request for the Production of Documents. (Pl. Brief at 7, Ex. 4, 5). Both parties rebuffed the discovery requests of the other. On December 8, 2022, Plaintiff forwarded further correspondence to Cigna requesting responses to the discovery requests within ten (10) days to remediate the discovery deficiencies. (Pl. Brief at 7, Ex. 8). In response, Cigna contacted Plaintiff to request a telephone conference to discuss the outstanding discovery. (Pl. Brief at 7, Ex. 8). On December 19, 2022, Plaintiff and Cigna conferred, with Cigna requesting that Plaintiff narrow their discovery responses. (Pl. Brief at 8).

The parties notified the Court that the issue was not resolved and on January 9, 2023, Plaintiff was granted leave to file this motion to determine whether Plaintiff is entitled to discovery beyond the administrative record. (Pl. Brief at 8).

## II.    THE PARTIES' ARGUMENTS

### A.  PLAINTIFF'S ARGUMENTS

In its opening brief on this motion, Plaintiff argues that it is entitled to discovery beyond the administrative record because of procedural irregularities; Plaintiff claims that the discovery it seeks is necessary for the preparation of trial and in evaluating "whether the denial by Cigna of the Surgery [was] arbitrary and capricious." (Pl. Brief at 9). Plaintiff concedes that the arbitrary-and-capricious standard of review is appropriate in evaluating whether an administrator with the "discretionary authority to interpret terms of the Plan and render benefit determinations," "has given the court reason to doubt its fiduciary neutrality." (Pl. Brief at 9 (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 165 (3d Cir. 2007)).

Plaintiff argues that although an ERISA claim under the arbitrary-and-capricious standard is, typically, limited to the administrative record, or evidence "before the administrator when he made the decision being reviewed[,]" the alleged procedural irregularities at issue here result in an exception, which permits discovery beyond the administrative record. Plaintiff relies on *Hochesier v. Liberty Mut. Ins. Co.,* Civil Action No. 3:17-cv-6096 FLW-DEA, 2018 U.S. Dist. LEXIS 195749 at 5, 11-12 (D.N.J. Nov. 13, 2018) and *Johnson v. UMWA Health & Ret. Funds*, 125. F. App'x 400, 405-06 (3d Cir. 2005), which both espouse the proposition that "discovery beyond the administrative record is permissible in some instances where there is a structural conflict of interest or procedural irregularities." (Pl. Brief at 9) (citing *Johnson*, 125 F. App'x at 405-06.)

Further, in relying on *Post* and the examples of procedural irregularities set forth therein,[1] Plaintiff asserts that discovery beyond the administrative record is permissible and should be

---

[1] *See Post,* 501 F.3d at 165 *"*(1) a reversal of a benefits determination without additional evidence, (2) a disregard of opinions previously relied upon, (3) a self-serving selectivity in the use of evidence or reliance on self-serving paper reviews of medical files, (4) a reliance on the opinions of non-treating physicians over treating physicians without explanation, (5) a reliance on inadequate information or

granted because Plaintiff established "significant and obvious" procedural irregularities to satisfy its burden of "a reasonable suspicion of misconduct":

- First, a reversal of benefits determination without additional information was made by Cigna.
- Second, Cigna disregarded opinions previously relied upon to approve the Surgery.
- Third, Cigna's determination is based on a self-serving selectivity in the use of evidence or reliance on self-serving paper review of medical files.
- Fourth, Cigna relied on the opinions of non-treating physicians over treating physicians without explanation.
- Fifth, Cigna's denial is predicated on its reliance on inadequate medical information and an incomplete investigation.

(Pl. Brief at 11). Plaintiff concludes that Cigna's responses to the discovery requests and the procedural irregularities therein "are of fundamental importance to preparing this matter for trial on the merits" and necessary in demonstrating "that Cigna arbitrarily and capriciously denied the Surgery… [and] has not handled this claim with fiduciary neutrality…" (Pl. Brief at 8, 11).

### B.  DEFENDANT'S ARGUMENTS

Defendant opposes Plaintiff's motion to compel, asserting that: (1) the discovery sought by Plaintiff is not 'conflict' discovery, and (2) Plaintiff has not established a reasonable suspicion of a procedural irregularity. (Def. Brief at 3-6).

### i.    The Discovery Sought by Plaintiff is Not 'Conflict' Discovery

Defendant asserts that Plaintiff does not "seek information that would arguably lead to facts uncovering (or disproving) a conflict of interest[.]" (Def. Brief at 6). According to Defendant,

---

incomplete investigation, (6) a failure to comply with the notice requirements of Section 504 of ERISA, (7) failure to analyze all relevant diagnoses, and (8) failure to consider plaintiff's ability to perform actual job requirements."

Plaintiff's demands are "overbroad and disproportionate" and give rise to plenary merits discovery rather than discovery beyond the administrative record. (Def. Brief at 4, 6). Defendant argues that it is evident that Plaintiff, in fact, seeks plenary merits discovery by Plaintiff's decision to omit "discovery regarding the one decision that actually might support his [flawed] allegations of conflict of interest: the testimony of Dr. Osborne who issued the original pre-authorization in October 2021." (Def. Brief at 4).

Defendant argues that Plaintiff's Interrogatories, which "largely mirror the Requests for Production[,]" ("RFP") are egregious, overbroad, and disproportionate to the proving or disproving of the alleged procedural irregularities. (Def. Brief at 4-5). Further, Defendant states that Plaintiff "does not seek information regarding the [alleged] irregularities[;]"[2] but requests information that is either irrelevant,[3] already within the administrative record, involves a structural conflict of interest,[4] and/or is a pure merits discovery.[5] (*Id*.)

### ii. Plaintiff Has Not Established a Reasonable Suspicion of a Procedural Irregularity

In relying on the standard set forth in *Irgon*, *Delso*, and *Hocheiser*, Defendant argues that Plaintiff's allegations of procedural irregularities, which "are determined by a review of the administrative record[,]" do not establish a "reasonable suspicion of misconduct" to justify the expansion of discovery. (Def. Brief at 7); *see Irgon v. Lincoln Nat'l Life Ins. Co.*, Civil Action No.: 13-4731 (FLW), 2013 U.S. Dist. LEXIS 16703; *Delso v. Trustees of the Ret. Plan for the Hourly Employees of Merck & Co., Inc.*, Civil No. 04-3009 (AET), 2006 U.S. Dist. LEXIS 76369 at *2 (D.N.J. Oct. 20, 2006). Defendant asserts that Plaintiff's discovery demands, rather than

---

[2] Defendant references No. 6 and No. 9 of the Plaintiff's Request for Documents ("RFP") to highlight the "egregiousness… overbreadth and disproportionality of [the Plaintiff's] demands." (Def. Brief at 4).
[3] *See* Def. Brief at 5 (citing RFP Nos. 1, 3, 11).
[4] *See* Def. Brief at 5 (citing RFP. Nos. 8 16, 18).
[5] Plaintiff has raised a procedural conflict of interest, not a structural conflict of interest. *See* Def. Brief at 5 (citing RFP No. 17).

"reasonably likely to either confirm or disconfirm the presence of bias[,]" involve the merits of the claim, which in turn, prohibits discovery. (Def. Brief at 7).

In addition, Defendant highlights the issues regarding one of the five alleged procedural irregularities, specifically, Plaintiff's position that Dr. Osborne's "unexplained change of position [indicates] a conflict of interest." (Def. Brief at 8); *see* Pl. Brief ¶ 1 at 10.  Defendants contend: (1) there is no evidence of an adverse benefit determination issue; (2) the "so called change of position is not 'unexplained'" because Dr. Kaufman did not exercise his discretionary authority to perform the surgery and Plaintiff made no previous attempt to obtain Dr. Osborne's testimony; and (3) Plaintiff's current standing differs from when Dr. Osborne considered the pre-authorization request. Defendant asserts that "[t]he type of unexplained change of position recognized by the courts as showing a discoverable conflict of interest are in stark contrast to the record here." (Def. Brief at 10). Defendant contrasts the holdings in *Delso*[6] and *Dandridge* to support its contention that the "efficacy of the surgery at this date is not unexplained."  (Def. Brief at 10).

Lastly, Defendant asserts that Plaintiff's remaining allegations as to (1) Cigna's disregard for opinions previously relied upon to approve the Surgery, (2) Cigna's use of evidence or reliance on self-serving paper review of medical files, (3) Cigna's reliance on the opinions of non-treating physicians, and (4) Cigna's reliance on inadequate medical information and incomplete investigation, "are make weights." (Def. Brief at 10); *see* (Pl. Brief ¶ 2, 3, 4, 5 at 10-11). Defendant relies upon *Osborne*:  "[a] claims administrator is not required to defer to a treating physician's opinion where its own clinicians indicate a contrary view." (Def. Brief at 10); *Osborne v. Aetna,*

---

[6] Def. Brief at 10 citing *Delso*, 2006 WL 3000199, at * 4-5 (finding good faith basis of potential bias in light of explicit evidence of bias based on potential future exposure to benefits claims); *see also Dandridge,* 2010 WL 376598, at *3 (noting "almost smoking gun" evidence).

Civ. A. No. 12-2392, 2013 WL 3168657, at *7 (D.N.J. June 20, 2013). Further, Defendant concludes that "a claim administrator with discretion to adjudicate benefits determination is entitled to rely on such medical evidence and opinions as will support a decision that is not clearly arbitrary." (Def. Brief at 11).

## III.   ANALYSIS

### A.   PLAINTIFF'S ALLEGATIONS OF PROCEDURAL IRREGULARITIES DO NOT RISE TO THE LEVEL TO WARRANT DISCOVERY BEYOND THE ADMINISTRATIVE RECORD

Where a claim administrator, like Cigna, is granted the discretionary authority "to determine eligibility for benefits or to construe the plan's terms[,]" the arbitrary and capricious standard of review is applied. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989)). The arbitrary and capricious standard limits the court's evaluation of ERISA claims to the administrative record, which consists only of evidence "that was before the administrator when it made the decision being reviewed." *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997). Thus, Plaintiff is required to "show that the denial of benefits was arbitrary and capricious, with conflict of interest[,]" bias, or a pattern of inconsistent benefit decisions as factors for the court's consideration. *Stevens v. Santander Holdings USA, Inc.,* Civil Action No. 11-7473 (PGS), 2013 U.S. Dist. LEXIS 10915, at *20 (N.J. Dist. Jan. 28, 2013).

Typically, the arbitrary and capricious standard prohibits discovery beyond the administrative record in ERISA cases. *Stevens,* 2013 U.S. Dist. LEXIS 10915, at *18. However, this limitation "does not prohibit a district court from considering extra-record materials related to an administrator's conflict of interest or any procedural irregularities that occurred during the reviewing process." *Irgon,* 2013 U.S. Dist. LEXIS 16703, at *9 (N.J. Dist. Nov. 14, 2013). Thus,

discovery beyond the administrative record may be permissible where a "[p]laintiff's use of evidence beyond the administrative record is appropriate to prove a 'conflict of interest, bias, or a pattern of inconsistent benefit decisions.'" *Delso,* 2006 U.S. Dist. LEXIS 76369, at *2.

### i. Plaintiff's discovery requests do not support a finding of a reasonable suspicion of misconduct by Cigna nor pertain to the procedural irregularities alleged.

Plaintiff's allegations do not raise a reasonable suspicion of misconduct to warrant discovery beyond the administrative record. The existence of procedural irregularities alone is "not an automatic trigger [for] permitting discovery beyond the administrative record." *Stevens,* 2013 U.S. Dist. LEXIS 10915, at *24 (citing *Shvartsman,* 2012 U.S. Dist. LEXIS 80328 (N.J. Dist. June 11, 2012)). Rather, "evidence of procedural abnormalities, or some other bias, is to be considered as a factor in determining whether an administrator's denial of benefits was arbitrary and capricious…" *Id.* at *29. Therefore, a plaintiff must establish "a good faith basis for alleging bias, conflict of interest, or irregularity in the [d]efendant's decision-making process" by demonstrating that the administrative record raises a ""reasonable suspicion of [[d]efendant's] misconduct[.]"" *Shvartsman*, 2012 U.S. Dist. LEXIS 80328, at *30 (citing *Delso*, 2006 U.S. Dist. LEXIS 76369, at *3); *see Stevens,* 2013 U.S. Dist. LEXIS 10915, at *25 (concluding that plaintiff's broad allegations of procedural abnormalities lacked a factual basis and did not raise a reasonable suspicion of misconduct to warrant discovery beyond the administrative record.)

Further, a plaintiff must also show that its "discovery requests [are] *reasonably likely to* confirm or disconfirm the presence of bias[,]" conflicts of interest, or patterns of inconsistent benefit decisions. *Delso*, 2006 U.S. Dist. LEXIS 76369, at *3, *4 (emphasis added). "When discovery is permitted, it must focus on "the presence of a conflict of interest, bias, or inconsistent decision making[.]'" *Neurosurgical Assoc. of NJ., P.C. v. Aetna*, Civil Action No. 14-3882 (BRM), 2017 U.S. Dist. LEXIS 120299, at *20 (N.J. Dist. Aug. 1, 2017). "Courts cannot simply grant a

plaintiff's discovery request where she has a groundless hope of finding some proof of bias after a long and costly search." *Stevens*, 2013 WL 322628, at * 9 (D.N.J. Jan. 28, 2013) (finding the plaintiff's allegations of procedural irregularities were overbroad and did not raise a reasonable suspicion of misconduct.)

In this case, even if Plaintiff's allegations signify a procedural irregularity, Plaintiff has failed to demonstrate: (1) a reasonable suspicion of Cigna's misconduct or bias, and (2) that extra-record discovery would aid in the court's evaluation of the alleged abnormality. Plaintiff did not meet his burden of identifying evidence within the administrative record that provides a reasonable suspicion of Cigna's misconduct. In addition, as conceded by Defendant ("while the facts of this case are certainly peculiar,") even if there was evidence of procedural irregularities, they do not justify extra-record discovery. (Def. Brief at 1). Plaintiff's allegations do not indicate procedural irregularities, but rather they raise challenges to the merits of Cigna's decision. *See* Pl. Brief at 10-11. Therefore, Discovery beyond the administrative record is not warranted.

## B. PLAINTIFF SEEKS "GENERAL MERIT BASED" DISCOVERY

Plaintiff's discovery requests are not crafted to elicit information relating to a conflict of interest. Rather, Plaintiff's requests seek general, merit-based discovery. "A dispute with the merits of the [administrator's] decision, without evidence of procedural bias or irregularity, does not suffice for the purposes of granting discovery." *Irgon*, 2013 U.S. Dist. LEXIS 16703, at *17 (holding that the plaintiff's allegations related to the actual merits of whether the Defendant's decision to deny benefits was arbitrary and capricious rather than an indication of irregularities.) "[D]iscovery into the *merits* of the Defendants' claim determination . . . is . . . prohibited." *Dandridge*, 2010 U.S. Dist. LEXIS 5854, at *8. To establish a reasonable suspicion of misconduct, the discovery request "must focus on the alleged procedural irregularity" rather than on the merits

of the administrator's decision. *Neurosurgical,* 2017 U.S. Dist. LEXIS 120299, at *20 (N.J. Dist. Aug. 1, 2017); *see Mainieri v. Bd. of Trs. of the Operating Eng'rs Local 825 Pension Fund*, No. 07-1133, 2008 U.S. Dist. LEXIS 71247, at *8 (D.N.J. Sept. 10, 2008) ("discovery can be taken with regard to issues that raise a good faith allegation of procedural bias or structural conflict of interest-- but not for matters that merely speak to the merits of the administrator's decision").

As briefly discussed in the section above, Plaintiff's discovery demands challenge the merits of Cigna's administrative decision rather than its alleged procedural irregularities. By way of example, Plaintiff has broadly requested information including, but not limited to, the following:

> Interrogatory 12: Identify each occasion you have denied payment to TPSC & Dr. Kaufman or one of TPSC & Dr. Kaufman's patients for medical services provided by TPSC & Dr. Kaufman that were billed using CPT® 64713, 64905, 64886, 64901, 64912, 64836, 71046, and 76000, with or without modifiers.

> Interrogatory 14: Identify all payment(s) made by you to any medical provider for CPT® codes 64713, 64905, 64886, 64901, 64912, 64836, 71046, and 76000, with or without modifiers. For each such occasion, provide the claim number or numbers, the amount billed and the date you made payment and the amount of payment. Attach copies of all documents, including but not limited to explanations of benefits, that contain or reflect this amount.

> Interrogatory 16: Concerning CPT® codes 64713, 64905, 64886, 64901, 64912, 64836, 71046, and 76000, with or without modifiers, identify the amount you believe to be the average charge rendered by providers in the same geographic region where the medical services were rendered to L.P. that are at issue in this case.

> Request for Production 5: All documents concerning any payments ever made by you to TPSC and Dr. Kaufman for medical services provided to any patient described in the billing process by using CPT® Codes 64713, 64905, 64886, 64901, 64912, 64836, 71046, and 76000, with or without modifiers.

> Request for Production 6: All documents concerning any payments made by you between 2017 and the present to any other medical provider for medical services provided to any patient described in the billing process by using CPT® Codes 64713, 64905, 64886,

64901, 64912, 64836, 71046, and 76000, with or without a modifier.

Request for Production 8: All documents constituting or referring to any agreement or contract between you and Crunchy Data Solutions, Inc.

Request for Production 9: All documents reflecting or referring to any occasion when you have issued payment directly to TPSC and Dr. Kaufman, or to one of TPSC and Dr. Kaufman's patients, for medical services provided by TPSC and Dr. Kaufman.

Request for Production 10: All documents concerning payments made by you between 2017 and the present to any medical provider for medical services provided to any patient described in the billing process by using for CPT® codes 64713, 64905, 64886, 64901, 64912, 64836, 71046, and 76000, with or without modifiers.

Request for Production 17: All documents you referred to or relied upon to develop the medical policy or other criteria you relied upon concerning the Claims.

(Docket Entry No. 54-2, Exhibits 3-4). Plaintiff has failed to make even a minimal showing of bias or irregularity that impacted Cigna's administration of the benefits claim. Assessment of whether Cigna's benefit claim denial was "arbitrary and capricious" *See* Pl. Brief at 12 ("[t]hese irregularities are at the essence of this case because they demonstrate that Cigna arbitrarily and capriciously denied the Surgery.") does not warrant extra-record discovery in relation to the actual merits of Plaintiff's claim. Plaintiff's right to challenge the merits of Cigna's decision though a dispositive motion, or otherwise, is peserved. *Irgon*, 2013 U.S. Dist. LEXIS 162703, at * 19 ("Plaintiff may raise these issues to challenge the merits of Defendant's denial at a later stage in this litigation.").

IV.    **CONCLUSION**

For the reasons set forth above, Plaintiffs' motion to compel is DENIED. An appropriate

Order follows.

Dated: July 10, 2023

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**